## UNITED STATES DISTRICT
## EASTERN DISTRICT OF VIRGINIA

### RICHMOND DIVISION

| | |
|---|---|
| Woodrow R Jackson, Sr.<br>    PO Box 1121, Pamplin, VA 23958<br><div align="center">Plaintiff</div>v.<br>Hon. Donald C Blessing<br>    111 South St, Farmville, VA 23901<br>Lynette Coe<br>    111 South St, Farmville, VA 23901<br>Machelle Eppes<br>    354 Genito Rd, Burkeville, VA 23922<br>J. Duncan Pitchford<br>    300 Broadway, P.O. Box 995, Paducah, KY 42002-0995<br>Mark R. Herring<br>    202 North Ninth Street, Richmond, VA 23219<br>John W. Daniel II<br>    Troutman Sanders Building 1001 Haxall Point, Richmond, VA 23219<br>Thomas (Tommy) W. Lawson<br>    569 Court St, Appomattox, VA 24522<br><div align="center">Defendants</div> | December 10, 2021<br><br>Case No. 3:21cv00772 |

1

## **COMPLAINT FOR INJUNCTIVE RELIEF TO VOID JUDGMENT**

COMES NOW Woodrow R. Jackson, Sr., *pro se* Plaintiff in the above-referenced case, pursuant to the 5th and 14th Amendment of the United States Constitution, hereby files this COMPLAINT FOR INJUNCTIVE RELIEF TO VOID JUDGMENT.

At issue is ownership of a tract of land, which contains a 20-foot access road that Plaintiff has been using to access his black-owned family farm, and has been in his family since 1899. The Commonwealth of Virginia, Department of Conservation and Recreation (DCR), seized this tract of land for the expansion of its High Bridge Trail State Park via a Default Judgment in the Circuit Court of Prince Edward County, Virginia.

The Defendants contributed to the State's seizure of Plaintiff's access road by violating his rights to due process under the 5th and 14th Amendments to the US Constitution. The Defendants neglected to serve proper notice, conducted a hearing without representation, and submitted fraudulent documentation to the Court in order to seize possession of Plaintiff's land. Plaintiff's attorney neglected his fiduciary duty in failing to inform Plaintiff of Court proceedings and by not bothering to show up in Court on the hearing date.

Due process was not followed in the seizure of Plaintiff's property and the deprivation of his right to life, liberty, and the pursuit of happiness. Therefore, the Default Judgment issued by the Trial Court is void and must be overturned.

## Table of Contents

I.   PARTIES.......................................................................................................................4

II.  JURISDICTION AND VENUE....................................................................................5

III. FACTUAL BACKGROUND.........................................................................................5

IV. CAUSES OF ACTION..................................................................................................8

A.  Plaintiff's 5th and 14th Constitutional rights to due process were violated when individual government officials and Plaintiff's attorney did not notify him of a hearing date, conducted a hearing in his absence, and did not notify him of the entry of a Default Judgment.......................................................................................................................8

B.  Plaintiff's 5th and 14th Constitutional rights to due process were violated when individual government officials committed fraud upon the court by misrepresenting land records in a Court proceeding to seize Plaintiff's land.......................................................9

C.  Plaintiff's attorney, Tommy Lawson, misrepresented his client by failing to attend the hearing and provide notification of Court proceedings................................................11

V.   PRAYER FOR RELEIF..............................................................................................13

## I.   PARTIES

1. Plaintiff Woodrow R. Jackson Sr., is a citizen of the United States and resident of Prince Edward County whose mailing address is P.O. Box 1121, Pamplin, VA 23958.

2. Defendant Hon. Donald C Blessing is a judge presiding over Prince Edward County, Virginia. This person is included in this complaint in an individual capacity. This person's last known address is 111 South Street, Farmville, VA 23901.

3. Defendant Machelle Eppes was Clerk of the Prince Edward County Circuit Court, until her retirement on April 1, 2018. This person is included in this complaint in an individual capacity. This person's last known address is 354 Genito Road, Burkeville, VA 23922.

4. Defendant Lynette Coe has been a Clerk of the Court for Prince Edward County, Virginia. This person is included in this complaint in an individual capacity. This person's last known address is 111 South Street, Farmville, VA 23901.

5. Defendant J. Duncan Pitchford was an attorney who filed the lawsuit against the Plaintiff for possession of the land in question. This person is included in this complaint in an individual capacity. This person's last known address is 300 Broadway, P.O. Box 995 Paducah, KY 42002-0995

6. Defendant Mark R. Herring was the Attorney General who helped file the lawsuit against the Plaintiff for possession of the land in question. This person is included in this complaint in an individual capacity. Their last known address is 202 North Ninth Street, Richmond, VA 23219.

7. Defendant John W. Daniel II was an attorney who helped file the lawsuit for possession of the land in question. This person is included in this complaint in an individual capacity. This person's last known address is Troutman Sanders Building 1001 Haxall Point, Richmond, VA 23219.

8. Defendant Thomas (Tommy) W. Lawson was an attorney who misrepresented his client, the Plaintiff. This person is included in this complaint in an individual capacity. This person's last known address is 569 Court Street, Appomattox, VA 24522

## II.   JURISDICTION AND VENUE

9. The federal court has jurisdiction over this matter because the complaint alleges violations of federal law and the United States Constitution.

10. The Eastern District of Virginia, Richmond Division is the appropriate venue for this matter because the subject property is physically located within its geographic boundaries.

## III.   FACTUAL BACKGROUND

11. The Plaintiff owns and operates a black-owned small business, known as the "Jackson Farm", located at 273 Pamplin Road, Pamplin VA 23958.

12. The subject property of this Complaint is a tract of land that contains a 20-foot roadway, which Plaintiff and his ancestors have used to access the Jackson Farm for many decades.

13. Plaintiff's ancestors acquired the subject property by claim of title on January 30, 1899. A copy of this deed can be found in Deed Book 44, page 544 in the Office of the Circuit Court Clerk of Prince Edward County and is attached as Exhibit 1.

5

14. A deed for the land was provided to his ancestors, Charles and Maggie Walker in 1912 as seen in Exhibit 2.

15. The same tract of land was resurveyed in 1934 as seen in Exhibit 3.

16. The most recent title for this land was a Special Commissioner's Deed that granted to the Plaintiff on April 5, 2001. This deed granted "the identical property conveyed to Charlie Walker (also known as Charles Henry Walker) by deed January 30, 1899" as shown in Exhibit 4.

17. Plaintiff and his ancestors exclusively maintained the 20-foot roadway in a usable condition, by mowing, grading, and performing other maintenance-related activities.

18. Plaintiff installed a gate at the entrance of the 20-foot roadway in 1999.

19. The Virginia Department of Conservation and Recreation (DCR) has been expanding High Bridge Trail State Park to Pamplin, Virginia (Exhibit 5).

20. As part of its High Bridge Trail State Park expansion to Pamplin, DCR has purchased land from private property owners (Exhibit 6).

21. In February 2018, DCR initiated a Complaint in the Prince Edward County Circuit Court seeking to take possession of the subject property (Exhibit 7).

22. Exhibit A of DCR's 2018 complaint was a Deed of Donation dated November 14, 2006, which pertained to a tract of land in Farmville, VA, a town 15.8 miles away from Pamplin, VA where the subject property is located. DCR's Exhibit A is incorporated into this complaint as pages 9-19 Plaintiff's Exhibit 7. Page 17 of this Exhibit 7 is a plat which clearly shows the intersection of Third St. and St. George St., a location within the town of Farmville. To further illustrate the

6

discrepancy between this DCR-provided Exhibit and the true location of the subject property, see the Google maps images included in Exhibit 8.

23. Exhibit B of DCR's 2018 complaint was a plat from the August 22, 1912 Walker Deed. This plat was presented to the Court as a fuzzy, grayed-out image, which is cut-off on the right-hand side and includes horizontal and vertical streak marks obscuring the details of the image (Exhibit 7, Page 21). To further illustrate the poor quality of this image, see the comparison of a full-size, clear image obtained by Plaintiff against the illegible image present to the Court by the Defendants (Exhibit 9).

24. Machelle Eppes, Clerk of the Prince Edward County Circuit Court until her retirement on April 1, 2018, ostensibly would have been responsible for sending notices of the hearing, scheduled for April 17, 2018. However, she did not serve Plaintiff notice of the hearing date.

25. Tommy Lawson, Plaintiff's attorney at that time, did not notify Plaintiff of the hearing date.

26. Tommy Lawson did not attend the hearing, which was conducted on or about April 17, 2018.

27. A Default Judgment was entered against the Plaintiff (Exhibit 8) without him or his attorney being in attendance at the hearing or otherwise afforded a fair opportunity to defend his claim to the land.

28. Lynette Coe, Clerk of the Prince Edward County Circuit Court at that time, did not serve Plaintiff the aforementioned default judgment.

## IV.   CAUSES OF ACTION

**A. Plaintiff's 5th and 14th Constitutional rights to due process were violated when individual government officials and Plaintiff's attorney did not notify him of a hearing date, conducted a hearing in his absence, and did not notify him of the entry of a Default Judgment**

29. Machelle J. Eppes, acting as court clerk, failed to provide notice of the hearing, thereby causing an unjustified deprivation of property without due process pursuant to the 5th and 14th Amendments to the U.S. Constitution. See also Greenwood v. Union Freight Co., 105 U.S. 13 (1881).

30. Lynette Coe, acting as court clerk after Machelle Eppes' retirement on April 1, 2018, failed to provide notice of the entry of a Default Judgment. A deprivation of a protected property interest caused by random, unauthorized act of state employee is violation of the Fourteenth Amendment's Due Process Clause if the state fails to provide adequate postdeprivation remedy. U.S.C.A. Const. Amend. 14. See also Hutchins v. Carrillo, 500 S.E.2d 277 (Va. App. 1998) and the Code of Virginia § 8.01-287, which states:

> *Upon commencement of an action, process shall be served in the manner set forth in this chapter and by the Rules of the Supreme Court. (Code 1950, § 8-56; 1952, c. 77; 1954, c. 543; 1977, c. 617.)*

The Plaintiff was never served as required by the Code of Virginia.

31. Hon. Donald Blessing conducted a hearing, which resulted in the deprivation of Plaintiff's rights to his land, without Plaintiff or his attorney being present.

32. Attorney Tommy Lawson did not provide his client notice of the hearing, nor did he attend the hearing or provide notice of the entry of a Default Judgment. According to the Code of Virginia § 8.01-312:

8

*Service of process on the statutory agent shall have the same legal force and validity as if served within the Commonwealth personally* upon the *person for whom it is intended. (ID at 8.01-312).*

Tommy Lawson acted as the Plaintiff's statutory agent and failed to perform the duties outlined under the Virginia Code. Specifically, he did not:

> ...*send by registered or certified mail, with return receipt requested, a copy of the process to the person named therein and for whom the statutory agent is receiving the process (ID at 8.01-312.)*

He failed to notify his client, the Plaintiff of a legal action being brought against him.

### B. Plaintiff's 5th and 14th Constitutional rights to due process were violated when individual government officials committed fraud upon the court by misrepresenting land records in a Court proceeding to seize Plaintiff's land

33. J. Duncan Pitchford, Mark. R. Herring, John W. Daniel and Donald P. Anderson, as individual government officials, failed to perform due diligence in examining the circumstances and available evidence, and brought a frivolous action against Plaintiff to confiscate his property. These individual government officials misrepresented evidence and committed fraud upon the court by introducing insufficient evidence in violation of Plaintiff's Constitutional rights to due process.

34. The government officials who brought suit against Plaintiff for possession of the land committed fraud upon the court by *introducing exhibits into evidence related to the wrong town*. Specifically, Exhibit A attached to the DCR's 2018 Complaint (Exhibit 7, Pages 9-19 herein) is a deed transfer from November 14, 2006. This deed pertains to the town of, Virginia, but, the land that was Farmville

9

the subject of DCR's complaint was in Pamplin, Virginia, a town 15.8 miles away from Farmville. Exhibit 8 illustrates the location associated with the 2006 deed transfer and the distance between it and the Jackson Farm.

35. The government officials that brought suit against Plaintiff for possession of the land committed fraud upon the court by introducing into evidence exhibits that were ***illegible and incomplete***. Specifically, Exhibit B attached to the DCR's 2018 Complaint (Exhibit 7, Pages 20-21 herein) was a plat from a 1912 land survey of the property in question. The copied image of this plat cannot be read due to the copy being excessively dark, grayed-out and blurry. The image presented to the Court contains horizontal and vertical streak marks obscuring parts of the image and the document is cut off on the right-hand side. A comparison of the image attached to the DCR's Complaint against Plaintiff against a clear, full-size copy of the image (Exhibit 9) clearly shows that vital information was obscured, to Plaintiff's detriment. As shown in *Dunne v. Resource Converting, LLC et al., No. 4:16 CV 1351 DDN (E.D. Mo. Oct. 30, 2018)* defendants may be compelled to resubmit evidence that is low-quality, blurry, and illegible:

> *"These black-and-white files were heavily pixelated to an extent that, to the Court's perception, made some files difficult to read and others effectively illegible." (Id. at 9-10).*

Additionally, *Kwock Jan Fat v. White, 253 U.S. 454* upheld that court decisions based on the omission of relevant evidence does not constitute a fair hearing. Submitting illegible and incomplete documents constitutes an omission of evidence.

> *"[A] report which suppressed or omitted it was not a fair report and a hearing based upon it was not a fair hearing within the definition of the cases cited." (Id. at 464)*

### C. Plaintiff's attorney, Tommy Lawson, misrepresented his client by failing to attend the hearing and provide notification of Court proceedings

36. Attorney Tommy Lawson did not provide notice of the hearing date, which took place on or about April 17, 2018. In doing so, he violated the Virginia State Bar's Professional Guidelines, which state:

> *"In all professional functions a lawyer should be competent, prompt and diligent. A lawyer should maintain communication with a client concerning the representation."*

37. Attorney Tommy Lawson did not show up to the April 2018 hearing. In doing so, he breached his fiduciary duty to his client. As an attorney, he owes a fiduciary duty to act in his client's best interests. He failed to act with reasonable care and this resulted in damages to his client in the form of a Default Judgment. *Penato v George, 52 AD2d 939, 942 [1976]* establishes that a fiduciary duty is one:

> *"founded upon trust or confidence reposed by one person in the integrity and fidelity or another" (ID. 939, 942).*

Tommy Lawson was trusted to keep his client informed of important hearing dates and to represent his client in court. His failure to do so resulted in the loss of property for his client.

38. Attorney Tommy Lawson did not provide notice of the default judgment that had been entered by the Court. In failing to do so, he was negligent of his duties and therefore guilty of attorney malpractice. *Fiddler v. Hobbs, 475 N.E.2d 1172, 1173*

*(Ind.Ct.App.1985).* established that the essential elements of attorney negligence

are:

> *"1) the employment of the attorney (the duty);*
>
> *2) the failure of the attorney to exercise ordinary skill and knowledge (the breach); and*
>
> *3) that such negligence was the proximate cause (causation);*
>
> *4) of damage to the plaintiff (damage)" (ID. 1172, 1173).*

Tommy Lawson failed to exercise ordinary skill and knowledge, resulting in a

Default Judgment the seizure of his client's land.

## V.     PRAYER FOR RELEIF

39. Plaintiff therefore prays that the Court enter an order voiding and reversing the Default Judgment from April 17, 2018, granting him possession of the subject property, and to compel DCR to remove its possessions from the property

40. Plaintiff also prays that the Court enters an award for pecuniary and non-pecuniary compensatory damages, to include any applicable attorney's fees, Court fees, emotional harm, time spent pursuing this Complaint, and punitive damages in the amount of $1,000,000.00, plus interest, for the Commonwealth's intrusion on Plaintiff's land

41. Plaintiff also prays that the Court enters any other award for which he is entitled or deemed appropriate by the Court.

Respectfully submitted,

Woodrow Jackson Sr.
*pro se* Plaintiff
P.O. Box 1121
Pamplin, VA 23958
(434) 610-7096
wjs1939@gmail.com