IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF VIRGINIA

Richmond Division

WOODROW R. JACKSON, SR.,
    *pro se* Plaintiff,

v.                                              Civil No. 3:21cv772 (DJN)

DONALD C. BLESSING, *et al.*,
    Defendants.

## MEMORANDUM OPINION

Plaintiff Woodrow R. Jackson, Sr., proceeding *pro se*, brings this action against Defendants the Honorable Donald C. Blessing, Lynette Coe, Machelle Eppes, J. Duncan Pitchford, Jason S. Miyares, John W. Daniel, II, and Thomas (Tommy) W. Lawson, alleging violations of the Fifth and Fourteenth Amendments in obtaining, in the Circuit Court of Prince Edward County, Virginia, a default judgment that authorized the seizure of his land by the Commonwealth of Virginia, Department of Conservation and Recreation. This matter comes before the Court on Defendants' Motions to Dismiss (ECF Nos. 10, 12, 15), moving to dismiss Plaintiff's Complaint (ECF No. 3) for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) and failure to state a claim pursuant to Rule 12(b)(6).[1] Additionally, the Court also considers Plaintiff's Motion to Redirect Service as to Duncan Pitchford (ECF No. 19) and Plaintiff's Motion to Allow Request to Produce Documents (ECF No. 20).

---

[1] Defendants Eppes, Pitchford, Miyares and Daniel have yet to appear in this case. However, because the Court finds that it lacks subject matter jurisdiction over the Complaint, the Court will dismiss the case as to those Defendants as well.

For the reasons set forth below, the Court will grant Defendants' Motions (ECF Nos. 10, 12, 15), and dismiss without prejudice Plaintiff's Complaint (ECF No. 3). Accordingly, the Court will deny as moot Plaintiff's Motions (ECF Nos. 19-20).

## I. BACKGROUND

A motion made pursuant to Federal Rule of Civil Procedure 12(b)(1) challenges the court's jurisdiction over the subject matter of the complaint. A defendant moving for dismissal for lack of subject matter jurisdiction may either attack the complaint on its face, asserting that the complaint "fails to allege facts upon which subject matter jurisdiction can be based," or, as here, may attack "the existence of subject matter jurisdiction in fact, quite apart from any pleadings." *White v. CMA Const. Co., Inc.*, 947 F. Supp. 231, 233 (E.D. Va. 1996) (internal citations omitted). When deciding a Rule 12(b)(1) motion to dismiss, a federal court may resolve factual questions to determine whether it has subject matter jurisdiction. *Thigpen v. United States*, 800 F.2d 393, 396 (4th Cir. 1986), *overruled on other grounds, Sheridan v. United States*, 487 U.S. 392 (1988). In resolving a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), the Court will accept Plaintiff's well-pleaded factual allegations as true, though the Court need not accept Plaintiff's legal conclusions. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Based on these standards, the Court accepts the following facts.

### A. Facts Alleged

Plaintiff owns and operates Jackson Farm, a black-owned small business, in Pamplin, VA. (Compl. ¶ 11.) To access Jackson Farm, Plaintiff and his ancestors have used and maintained a tract of land containing a 20-foot roadway (the "subject property") for decades, and his family has owned the subject property since 1899. (Compl. ¶¶ 12-18.) The Virginia Department of Conservation and Recreation ("DCR"), not named in this lawsuit, was expanding

High Bridge Trail State Park to Pamplin, purchasing land from private property owners to do so. (Compl. ¶¶ 19-20.)

In February of 2018, DCR filed a lawsuit against Plaintiff in Prince Edward County Circuit Court, seeking to take possession of the subject property. (Compl. ¶ 21.) DCR supported its lawsuit with a 2006 deed pertaining to a tract of land in Farmville, Virginia, a town 15.8 miles away from Pamplin, and a poor-quality image of a 1912 deed. (Compl. ¶¶ 22-23.) The state court docket reflects that Plaintiff received service of process on February 28, 2018.[2] (Ex. 1 to Mem. Supp. Blessing Mot. (ECF No. 16-1).) Although Plaintiff did not file a responsive pleading to the lawsuit, he signed and filed a document entitled "Respondents Responses to Complaint Counsel's First Request for Admission" on March 12, 2018. (Ex. 3 to Mem. Supp. Blessing Mot. (ECF No. 16-3).)

On April 17, 2018, DCR filed a motion for default judgment. (Ex. 4 to Mem. Supp. Blessing Mot. (ECF No. 16-4).) Plaintiff avers that he did not receive notice of the hearing from Defendant Machelle Eppes, then-Clerk of Court, or Defendant Tommy Lawson, Plaintiff's attorney at the time. (Compl. ¶¶ 24-25.) Accordingly, the court, Defendant the Honorable Donald C. Blessing presiding, entered a default judgment against Plaintiff without his or his attorney's presence at the hearing. (Compl. ¶¶ 26-27, 31.) Plaintiff alleges that Defendant Lynette Coe, Clerk of Court, did not serve Plaintiff with the default judgment. (Compl. ¶ 28.) However, on May 3, 2018, Plaintiff, by counsel, filed a motion to vacate the April 2018 default judgment. (Ex. 5 to Mem. Supp. Blessing Mot. (ECF No. 16-5).) On May 9, 2018, Judge

---

[2] "[A] federal court may consider matters of public record such as documents from prior state court proceedings in conjunction with a Rule 12(b)(6) motion" without needing to "convert the Rule 12(b)(6) motion to one for summary judgment under Rule 56(b)." *Walker v. Kelly*, 589 F.3d 127, 139 (4th Cir. 2009).

3

Blessing entered an order denying the motion to vacate the default judgment, which stated that the order was "final and appealable." (Ex. 6 to Mem. Supp. Blessing Mot. (ECF No. 16-6).) Plaintiff did not appeal the April 2018 Default Judgment or order denying Plaintiff's motion to vacate the default judgment. (*See* Ex. 2 to Mem. Supp. Blessing Mot. (ECF No. 16-2) (showing no appeal on docket).)

### B.     Procedural History

Plaintiff filed a Motion for Leave to Proceed *in forma pauperis* ("IFP") on December 13, 2021. (ECF No. 1.) On January 19, 2022, the Court granted Plaintiff IFP status and directed the Clerk to issue process and deliver the summonses to the United States Marshal for service. (ECF No. 2.)

Liberally construing Plaintiff's Complaint, titled Complaint for Injunctive Relief to Void Judgment, Plaintiff raises three counts on the above allegations. First, Plaintiff alleges that Judge Blessing and two circuit court clerks, Eppes and Coe, violated his Fifth and Fourteenth Amendment rights to due process by entering the April 2018 default judgment without proper notice and opportunity to be heard. (Compl. ¶¶ 29-31.) Second, Plaintiff raises a due process claim against the attorneys representing DCR, alleging that J. Duncan Pitchford, John W. Daniel II, Donald P. Anderson, and Attorney General Mark Herring violated his Fifth and Fourteenth Amendment rights by allegedly misrepresenting evidence in support of DCR's 2018 state-court lawsuit. (Compl. ¶¶ 33-35.) Third, Plaintiff alleges that his attorney, Tommy Lawson, committed legal malpractice in relation to the entry of the April 2018 default judgment. (Compl. ¶¶ 32, 36-38.) Based on these allegations, Plaintiff asks the Court for "an order voiding and reversing the default judgment from April 17, 2018, granting him possession of the subject property, and to compel DCR to remove its possessions from the property." (Compl. ¶ 39.) He

also seeks an award of $1,000,000 for compensatory and punitive damages for the Commonwealth's intrusion on Plaintiff's land. (Compl. ¶ 40.)

Defendants filed their Motions to Dismiss on February 11, 2022, and February 17, 2022. (ECF Nos. 10, 12, 15.) All three Motions argue that the Court lacks subject matter jurisdiction due to the *Rooker-Feldman* doctrine, because Plaintiff raises a collateral attack on a state court judgment, essentially seeking appellate review of the default judgment. Additionally, Defendants raise other arguments with varying degrees of persuasiveness including lack of subject matter jurisdiction (Mem. Supp. Lawson Mot. at 6-9 (ECF No. 13)), statutes of limitation (Mem. Supp. Lawson Mot. at 12-13; Mem. Supp. Blessing Mot. at 9 (ECF No. 16)), judicial immunity (Mem. Supp. Blessing Mot. at 6-7), and insufficiency of the allegations to state a claim for relief. Plaintiff responded to the Lawson Motion and Blessing Motion on March 8, 2022, and did not oppose the Coe Motion. (ECF Nos. 16-17.) Lawson and Blessing filed replies in support of their Motions on March 14, 2022, rendering the matter ripe for review. (ECF Nos. 22-23.)

## II. STANDARD OF REVIEW

A motion made pursuant to Federal Rule of Civil Procedure 12(b)(1) challenges the court's jurisdiction over the subject matter of the complaint. A defendant moving for dismissal for lack of subject matter jurisdiction may either attack the complaint on its face, asserting that the complaint "fails to allege facts upon which subject matter jurisdiction can be based," or, may attack "the existence of subject matter jurisdiction in fact, quite apart from any pleadings." *White v. CMA Const. Co., Inc.*, 947 F. Supp. 231, 233 (E.D. Va. 1996) (internal citations omitted). In either case, the plaintiff bears the burden of proof to establish jurisdiction. *Richmond, Fredericksburg & Potomac R. Co. v. United States*, 945 F.2d 765, 768 (4th Cir.

1991). The Court must dismiss an action if it determines that it lacks subject matter jurisdiction. Fed. R. Civ. P. 12(h)(3).

Because Plaintiff proceeds *pro se,* the Court construes Plaintiff's Complaint liberally. *Erikson v. Pardus,* 551 U.S. 89, 94 (2007); *see also Laber v. Harvey,* 438 F.3d 404, 413 n.3 (4th Cir. 2006) (explaining that *pro se* complaints are afforded a liberal construction).

### III. ANALYSIS

The *Rooker-Feldman* doctrine bars Counts One and Two of Plaintiff's Complaint, which attack the default judgment by raising due process claims. The *Rooker-Feldman* doctrine generally prevents federal district courts from reviewing state court decisions. *D.C. Ct. of Appeals v. Feldman,* 460 U.S. 462 (1983); *Rooker v. Fid. Tr. Co.,* 263 U.S. 413 (1923). "Under the *Rooker-Feldman* doctrine, a 'party losing in state court is barred from seeking what in substance would be appellate review of the state judgment in a United States district court.'" *Am. Reliable Ins. Co. v. Stillwell,* 336 F.3d 311, 316 (4th Cir. 2003) (quoting *Johnson v. De Grandy,* 512 U.S. 997, 1005–06 (1994)).

While district courts rather liberally applied the *Rooker-Feldman* doctrine following its establishment, the Supreme Court has since clarified the "narrow ground" that this doctrine occupies. *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.,* 544 U.S. 280, 284 (2005). Importantly, this doctrine only applies to "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review of those judgments." *Id.* Thus, to successfully raise a *Rooker-Feldman* challenge, the party asserting the doctrine must show that (1) the party raising the claim lost in state court; (2) the party's injuries were caused by the state court judgment; (3) the party's claims invite the district court to review and reject the state court

judgment; and, (4) the state court judgment was rendered before the federal proceedings commenced. *Id.*

Importantly, this doctrine applies not just to "constitutional claims presented or adjudicated by the state courts but also to claims that are 'inextricably intertwined' with a state court judgment." *Jordahl v. Democratic Party of Va.*, 122 F.3d 192, 199 (4th Cir. 1997) (quoting *Feldman*, 460 U.S. at 486–87). "[I]f the state-court loser seeks redress in the federal district court for the injury caused by the state-court decision, his federal claim is, by definition, 'inextricably intertwined' with the state-court decision, and is therefore outside of the jurisdiction of the federal district court." *Davani v. Va. Dep't of Transp.*, 434 F.3d 712, 719 (4th Cir. 2006); *see also Washington v. Wilmore*, 407 F.3d 274, 279 (4th Cir. 2005) ("The 'inextricably intertwined' prong of the doctrine bars a claim that was not actually decided by the state court but where success on the federal claim depends upon a determination that the state court wrongly decided the issues before it.") (internal quotation marks omitted); *see also Shooting Point, LLC v. Cumming*, 368 F.3d 379, 383 (4th Cir. 2004) ("A federal claim is 'inextricably intertwined' with a state court decision if success on the federal claim depends upon a determination that the state court wrongly decided the issues before it."). Indeed, a litigant may not attempt to circumvent the *Rooker-Feldman* doctrine by simply refashioning an attack on a state court judgment as some other kind of claim. *Am. Reliable Ins.*, 336 F.3d at 316; *see also Jordahl*, 122 F.3d at 202 (applying the *Rooker-Feldman* doctrine despite plaintiff challenging the state court judgment under the guise of a § 1983 claim); *Fortune v. Mulherrin*, 533 F.2d 21, 22 (1st Cir. 1976) ("[T]he allegation that an unconstitutional result has been reached does not vest the federal courts with jurisdiction to review the state proceedings collaterally.") (internal quotations omitted).

Here, the *Rooker-Feldman* doctrine bars review of Plaintiff's default judgment arising from the 2018 state-court action. Plaintiff's claims are staked on injuries caused by the state court judgment issued against him before this federal proceeding commenced. Although Plaintiff attempts to fashion his suit under constitutional and common law claims, this action plainly attacks a state court judgment. *See Booker v. Sup. Ct. of S.C.*, 2016 WL 4394183, at *6 (D.S.C. Mar. 7, 2016) (dismissing IFP complaint as failing to state a claim, in part, because *Rooker-Feldman* barred review of state court pre-filing injunction), *report and recommendation adopted in part, rejected in part*, 2016 WL 4269537 (D.S.C. Aug. 15, 2016) (adopting *Rooker-Feldman* analysis, rejecting recommendation that dismissal count as a strike for purposes of 28 U.S.C. § 1915(g)), *aff'd*, 675 F. App'x 373 (4th Cir. 2017)). Indeed, Plaintiff titled his Complaint, "Complaint for Injunctive Relief to Void Judgment." (ECF No. 3.) Accordingly, the *Rooker-Feldman* doctrine bars Plaintiff's attacks on the default judgment.

In his response briefs, Plaintiff argues that the *Rooker-Feldman* doctrine does not apply where a plaintiff alleges that the state court lacked jurisdiction to enter the judgment due to fraud and lack of due process. (Resp. Opp'n Lawson Mot. at 4-8 (citing *Morrel v. Nationwide Mut. Fire Ins. Co.*, 188 F.3d 218 (4th Cir. 1999)); Resp. Opp'n Blessing Mot. at 4-8 (same).) However, here the Prince Edward County Circuit Court plainly had jurisdiction over the civil border dispute and ejectment action by DCR against Plaintiff, a Virginia resident, regarding real property located in Virginia. *See* Va. Code Ann. § 8.01-328.1(6) (providing for courts to exercise personal jurisdiction over a person having an interest in, using, or possessing real property in Virginia; *Id.* § 17.1-513 (granting circuit courts "original and general jurisdiction of all civil cases"). Moreover, the court established jurisdiction over Plaintiff when the Sheriff personally served him with the summons and a copy of the complaint, and Plaintiff waived any

objection to personal jurisdiction when he moved to vacate default judgment. (*See* Ex. 1 to Mem. Supp. Blessing Mot. (Summons returned executed on Plaintiff by Sheriff on February 28, 2018); Ex. 2 to Mem. Supp. Blessing Mot. (showing Plaintiff's May 3, 2018, Motion to Vacate on the docket); Va. Code Ann. § 8.01-277.1(A) ("a person waives any objection to personal jurisdiction or defective process if he engages in conduct related to adjudicating the merits of the case, including . . . seeking a ruling on the merits of the case").

Plaintiff's argument that the state court lacked jurisdiction due to lack of due process conflates two unrelated concepts and reflects a misunderstanding of the law. *See Yale v. Nat'l Indem. Co.*, 602 F.2d 642, 650 (4th Cir. 1979) (default judgment entered by North Carolina state court could not be collaterally attacked in federal district court on the grounds that there was a failure to give three days' notice of a hearing, because such failure "constitute[s] a mere procedural irregularity subjecting a resulting judgment to direct but not to collateral attack"). Even if the state court had entered default judgment against Plaintiff without proper notice, such a defect would not render the judgment void, but merely voidable subject to direct appeal. *Cf. Singh v. Mooney*, 541 S.E.2d 549, 551 (Va. 2001) (final order entered without proper notice of draft's presentation could not be collaterally attacked, because it was voidable, not void *ab initio*). Here, as in *Yale* and *Singh*, the establishment of personal jurisdiction was not disturbed by alleged procedural defects.

Further, Plaintiff seeks to set aside the judgment as procured by fraud on the state court. In Virginia, a judgment "procured by extrinsic or collateral fraud, or entered by a court that did not have jurisdiction over the subject matter or the parties" proves void. *Quarles v. Miller*, 86 F.3d 55, 57 (4th Cir. 1996) (citing *Rook v. Rook*, 353 S.E.2d 756, 758 (Va. 1987)). Although the Ninth Circuit has squarely ruled that *Rooker-Feldman* doctrine does not defeat federal subject-

9

matter jurisdiction of a diversity action to set aside a state judgment on grounds of extrinsic fraud, the Fourth Circuit has not. *Kougasian v. TMSL, Inc.*, 359 F.3d 1136, 1140–41 (9th Cir. 2004); *see Jordahl v. Democratic Party of Virginia*, 122 F.3d 192, 203 n.11 (4th Cir. 1997) (noting that Fourth Circuit precedent allowing collateral attack on state court judgment for fraud "was made within the context of *res judicata*, and not *Rooker–Feldman*").

Moreover, reading the Complaint in the light most favorable to Plaintiff, he merely alleges that the evidence presented to the state court was incorrect, irrelevant and deceptive, and therefore fraudulently submitted by DCR. To the extent this supports a claim for fraud, such an allegation does not amount to extrinsic fraud, "which occurs outside the judicial process and consists of conduct which prevents a fair submission of the controversy to the court." *F.E. v. G.F.M.*, 547 S.E.2d 531, 536–37 (Va. Ct. App. 2001) (cleaned up); *see also Jones v. Willard*, 299 S.E.2d 504, 508 (Va. 1983) ("The judgment of a court, procured by *intrinsic* fraud, *i.e.*, by perjury, forged documents, or other incidents of trial related to issues material to the judgment, is *voidable* by direct attack at any time before the judgment becomes final; the judgment of a court, procured by *extrinsic* fraud, *i.e.*, by conduct which prevents a fair submission of the controversy to the court, is *void* and subject to attack, direct or collateral, at any time.") (emphasis in original). As Plaintiff merely alleges — at most — intrinsic fraud in the state court proceedings, he cannot attack the default judgment collaterally.[3]

---

[3] Additionally, Plaintiff's citation to *Morrel* proves inapposite, because that case allowed a district court to entertain an independent action to relieve a party from the judgment of another district court — not a state court — under Federal Rule of Civil Procedure 60. *See Morrel v. Nationwide Mut. Fire Ins. Co.*, 188 F.3d 218, 223 (4th Cir. 1999) (allowing challenge in Eastern District of Virginia to judgment allegedly tainted by fraud obtained in the District Court for the District of Columbia); *Witcher v. Clarke*, 2017 WL 2210275, at *1 (W.D. Va. May 18, 2017) ("The Federal Rules of Civil Procedure . . . . cannot provide a vehicle by which a litigant may seek relief from any state court ruling whatsoever, criminal or civil.").

Additionally, the Court lacks subject matter jurisdiction over Count Three, Plaintiff's Virginia common law claim for attorney malpractice. As this claim does not arise under federal law, the Court cannot exercise subject matter jurisdiction over it under 28 U.S.C. § 1331. The Court also lacks diversity jurisdiction under 28 U.S.C. § 1332, because Plaintiff and his attorney, Lawson, both reside in Virginia. Finally, as the Court lacks subject matter jurisdiction over Counts One and Two due to the *Rooker-Feldman* doctrine, the Court has no basis to exercise supplemental jurisdiction over Count Three. *See* 28 U.S.C. § 1367 ("[I]n any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution."). Given the Court's ruling that it lacks subject matter jurisdiction over this case, the Court need not reach the merits of the Defendants' Rule 12(b)(6) arguments.

### IV. CONCLUSION

For the reasons set forth above, the Court will grant Defendants' Motions to Dismiss. (ECF Nos. 10, 12, 15), and will dismiss without prejudice Plaintiff's Complaint (ECF No. 3). Accordingly, the Court will deny as moot Plaintiff's Motions to redirect service and allow discovery (ECF Nos. 19-20).

An appropriate ORDER shall issue.

Let the Clerk file a copy of this Memorandum Opinion electronically, notify all counsel of record and forward a copy to Plaintiff at his address of record.

It is SO ORDERED.

/s/
David J. Novak
United States District Judge

Richmond, Virginia
Date: June 13, 2022